IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>PHILIP D. AUSHERMAN,<br><br>     Defendant. | 8:24-CR-195<br><br><br>MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON MOTION TO SUPPRESS |

This matter is before the Court on defendant Philip D. Ausherman's Motion to Suppress, Filing 118, and Magistrate Judge Michael D. Nelson's Findings and Recommendation regarding that motion, Filing 181. Judge Nelson issued his Findings and Recommendation after holding an evidentiary hearing on the defendant's motion. Filing 156 (Text Minute Entry); Filing 170 (Transcript). Judge Nelson recommends that the motion be denied. Filing 181 at 1. The defendant has not objected to the Findings and Recommendation, and the time for doing so has since expired. *See* Filing 181 at 11 (citing NECrimR 59.2). Having reviewed the record and Judge Nelson's order, the Court adopts the Findings and Recommendation in its entirety and denies the defendant's Motion to Suppress.

### I. BACKGROUND

On February 18, 2025, the grand jury returned a Superseding Indictment containing seven counts and charging six defendants. Filing 41. The defendant was named in two of those counts: Count I, conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine

1

(actual), and Count VII, possession with intent to distribute a detectable amount of methamphetamine. Filing 41 at 1, 3–4. The Superseding Indictment also contained a Forfeiture Allegation against all six defendants. Filing 41 at 4–5. The defendant subsequently filed a Motion to Suppress seeking to suppress "all evidence gathered because of his unlawful traffic stop on January 29, 2025, including the subsequent search of his vehicle, his post-arrest interview, and the search of his phone." Filing 118 at 1. In his brief supporting his motion, the defendant describes a January 29, 2025, traffic stop in which he was "pulled over for failure to signal 100 feet before a lane change in violation of Neb. Rev. Stat. 60-6, 161." Filing 119 at 3. The defendant argues that he "never changed lanes until *after* the officer flashed his lights and signaled for him to pull over," meaning the officer could not have had "any objectively reasonable belief that a traffic violation occurred prior to the initiation of the stop." Filing 119 at 3 (emphasis in the original). The defendant further contends that the officer "did not have sufficient reasonable suspicion to extend the scope of the stop" by way of a "drug dog sniff." Filing 119 at 1, 4 (emphasis omitted). The defendant explains that "[e]very step taken by officers after the stop," including the search of his vehicle, his arrest, and a post-arrest interview, "stemmed directly from the initial constitutional violation" and should therefore be suppressed. Filing 119 at 1–2. The Government filed a response to the defendant's motion, Filing 133, and Judge Nelson held an evidentiary hearing on the motion, Filing 156.

Following that hearing, Judge Nelson issued his Findings and Recommendation recommending that the defendant's motion be denied. Filing 181. Judge Nelson's order included an admonition to the parties that "[p]ursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served a copy of this Findings and Recommendation." Filing 181 at 11. The defendant has not objected to Judge Nelson's Findings and Recommendation and the time for objections has passed.

The defendant has therefore waived any objections he may have. *See* NECrimR 59.2(e); Fed. R. Crim. P. 59(b)(2).

## II. APPLICABLE STANDARDS

Section 636 of Title 28 of the United States Code governs the Court's authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of" a motion to suppress evidence in a criminal case. 28 U.S.C. § 636(b)(1)(B). Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Eighth Circuit has held that "where the district court does not conduct a de novo review of a magistrate judge's report where such review is required, this is reversible error." *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)). When no objection is made, however, the Court must only review the magistrate judge's findings and recommendation for clear error. *See Grinder*, 73 F.3d at 795 (explaining that if no objections had been filed and if the filing period had expired, the district court "would only have to review the findings of the magistrate judge for clear error"); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (determining that since "section 636(b)(1) provide[s] for de novo review *only* when a party objected to the magistrate judge's findings or recommendations," the parties' "failure to file objections eliminates not only the need for de novo review, but *any* review by the district court" (internal quotation marks and citation omitted) (emphasis in the original)). As the Court explained above, there are no objections to Judge Nelson's Findings and Recommendation. Accordingly, the Court reviews the Findings and Recommendation

for "plain error." *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing "the magistrate judge's findings of fact for plain error" where no objections to the report were filed).

### III. DISCUSSION

The Court has thoroughly reviewed the record and Judge Nelson's order and finds that the Findings and Recommendation should be adopted in its entirety. Judge Nelson correctly concluded that the traffic stop and its extension did not violate the defendant's Fourth Amendment rights. Based on Deputy Anthony Crawford's credible testimony and the lack of any evidence contradicting it, Judge Nelson correctly determined that Deputy Crawford had a reasonable basis to believe the defendant committed a traffic violation and therefore probable cause existed to initiate the traffic stop. *See United States v. Cardinale*, 147 F.4th 853, 857 (8th Cir. 2025) ("Any traffic violation, however minor, provides probable cause for a traffic stop." (quoting *United States v. Hollins*, 685 F.3d 703, 706 (8th Cir. 2012)). Moreover, Judge Nelson was correct in finding that the lawful traffic stop was not unreasonably prolonged because both prior to and during the course of the traffic stop, Deputy Crawford developed reasonable suspicion of drug-related activity justifying detention of the defendant to pursue additional investigation. *See United States v. Austin*, 104 F.4th 695, 699 (8th Cir. 2024) ("Once an officer finishes the tasks associated with a traffic stop, it is unreasonable to further detain the vehicle's occupants unless something occurs during the stop to generate reasonable suspicion to justify the further detention."). For instance, Deputy Crawford testified that he was already suspicious of drug-related activity before he conducted the traffic stop because he noticed the defendant sitting in his vehicle outside a gated storage facility around the time the facility was closing and because Deputy Crawford was familiar with the storage facility as a "high crime area" for certain crimes, including narcotics offenses. Deputy Crawford's suspicions were further raised when the defendant drove his vehicle away as soon as Deputy Crawford entered the gated

facility, and Deputy Crawford grew more suspicious during the lawful traffic stop when the defendant gave an incorrect storage unit number and when he became visibly nervous in response to the deputy's questions about his prior arrests for methamphetamine. Moreover, that Deputy Crawford had reasonable suspicion of drug-related activity is further supported by the fact that while he was checking the defendant's records, he received a call from a narcotics investigator informing Deputy Crawford of an ongoing investigation into the defendant for his role as a "drug courier." *See United States v. Rederick*, 65 F.4th 961, 966 (8th Cir. 2023) ("The collective knowledge of law enforcement officers conducting an investigation is sufficient to provide reasonable suspicion, and the collective knowledge can be imputed to the individual officer who initiated the traffic stop when there is some communication between the officers." (internal quotation marks and citation omitted)). Because Judge Nelson correctly concluded that both the traffic stop and its extension were lawful under the Fourth Amendment, any evidence obtained in connection with that stop was lawfully obtained. Accordingly,

IT IS ORDERED that Judge Nelson's Findings and Recommendation, Filing 181, is adopted in its entirety and defendant Philip D. Ausherman's Motion to Suppress, Filing 118, is denied.

Dated this 16th day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge