IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | |
| | | 8:24-CR-195 |
| vs. | | |
| | | |
| PHILIP D. AUSHERMAN, | | PRELIMINARY ORDER OF |
| Defendant. | | FORFEITURE |

This matter is before the Court on the Government's Motion for Preliminary Order of Forfeiture. Filing 310. The Court has reviewed the record in this case and finds as follows:

1. The defendant's jury trial in this matter began on April 20, 2026. Filing 268 (Text Minute Entry). That same day, prior to empaneling the jury, the defendant's counsel advised the Court that the defendant waived any claim and/or interest to the assets listed in the Forfeiture Allegation of the Superseding Indictment.

2. On April 24, 2026, the jury found the defendant guilty as to Count I of the Superseding Indictment and not guilty as to Count VII of the Superseding Indictment. Filing 278.

3. Count I of the Superseding Indictment charged the defendant with violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1), and 21 U.S.C. § 846. Filing 41 at 1–2.

4. The Forfeiture Allegation sought forfeiture, pursuant to 21 U.S.C. § 853, of $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid, as property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such

1

offense and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, the offense. Filing 41 at 4–5.

5. Based on the guilty verdict as to Count I and the defendant's waiver of any claim and/or interest in the property set forth in the Forfeiture Allegation of the Superseding Indictment, the defendant has forfeited his interest in $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid, and the Government is entitled to possession of any interest the defendant has in the property pursuant to 21 U.S.C. § 853.

6. The Government's Motion for Preliminary Order of Forfeiture should be granted.

IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture, Filing 310, is granted.

2. Based upon the Forfeiture Allegation of the Superseding Indictment, Filing 41, and the guilty verdict as to Count I and the defendant's waiver of any claim and/or interest in the property set forth in the Forfeiture Allegation of the Superseding Indictment, the Government is hereby authorized to seize the $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid (collectively, the Property).

3. The defendant's interest in Property is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The Property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official internet Government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to

dispose of the Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state that the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 17th day of July, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

3